IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES JOHNSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | (Removed from the 165th Judicial District, |
| OCCIDENTAL PETROLEUM | § | District Court of Harris County, Texas, |
| CORPORATION AND OXY | § | Cause No. 2021-64773) |
| PETROLEUM QATAR LTD, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Occidental Petroleum Corporation[1] ("Oxy") and Occidental Petroleum of Qatar Ltd., incorrectly named as Oxy Petroleum Qatar Ltd, ("Oxy Qatar") (collectively, "Defendants"), file this Notice of Removal of the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division, and respectfully submits the following statement as the grounds for removal.

### I.   SUMMARY

In this employment-related lawsuit, Plaintiff James Johnston ("Plaintiff") improperly seeks a do-over of claims that he already litigated in Qatar against his former employer, Oxy Qatar. Oxy, the parent corporation of Oxy Qatar, was not involved in the underlying incident. Tellingly, Plaintiff did not even name Oxy in the first lawsuit. The trial court in Qatar analyzed and dismissed his claims, and the Supreme Judiciary of the State of Qatar affirmed the trial court's judgment. A translated copy of the judgment from the Supreme Judiciary of the State of Qatar is attached as Exhibit A.

---

[1] Although Plaintiff names Oxy as a Defendant, the proper entity is Oxy Qatar because it employed Plaintiff.

103669840.2                                  - 1 -

Unhappy with this result, Plaintiff now seeks to bring a lawsuit based on the same allegations that were already litigated in the Qatar lawsuit. The only difference is that Plaintiff now names Oxy as a defendant in addition to Oxy Qatar. The only reason Plaintiff joins Oxy as a defendant is to defeat diversity jurisdiction; however, courts regularly reject this kind of gamesmanship. As more fully explained in this Notice of Removal, courts often disregard the citizenship of a defendant that has been joined solely to prevent removal to federal court. Because complete diversity exists between the proper parties in this lawsuit—Plaintiff and Oxy Qatar—and because the amount in controversy requirement is met on the face of the petition, the Court has diversity jurisdiction over this action.

## II.    PROCEDURAL HISTORY

On November 2, 2021, Plaintiff served Defendants with his First Amended Petition, styled *James Johnston v. Occidental Petroleum Corporation and Oxy Petroleum Qatar Ltd*, Cause No. 2021-64733, in the 165th Judicial District Court of Harris County, Texas. A true and correct copy of Plaintiff's First Amended Petition ("Amended Petition") is attached as Exhibit B.[2]

In his Amended Petition, Plaintiff alleges that Defendants failed to comply with their duty to provide him with a safe workplace in violation of Texas law. *See* Ex. B at ¶¶ 39-40. Plaintiff specifically claims that he fell from a platform on December 18, 2011 while working for "Defendants" in Qatar.[3] *Id.* at ¶¶ 10-13. Plaintiff alleges that Defendants breached their duty because they should have installed a separate platform that purportedly would have prevented his fall. *Id.* at ¶¶ 11, 39. Although Plaintiff admits that he initiated a lawsuit related to his fall in

---

[2] In compliance with Local Rule 81, Plaintiff's Original Petition is attached as Exhibit C. Defendants were never served with Plaintiff's Original Petition, only his First Amended Petition.

[3] Throughout the entire Amended Petition, Plaintiff lumps Oxy and Oxy Qatar together with no meaningful explanation of why their corporate form should be disregarded.

Qatar,[4] and that a Qatari court ruled against him in December 2020, he nonetheless alleges that a Texas court should now compensate him for the same allegations already rejected by another court. *Id.* at ¶¶ 35, 41-43. Defendants filed their Original Answer and Affirmative and Other Defenses to Plaintiff's First Amended Petition on November 26, 2021. A true and correct copy of Defendants' Original Answer and Affirmative and Other Defenses is attached as Exhibit D.

No orders have been signed by the state court judge. A true and correct copy of the Court Docket Sheet is attached as Exhibit E. A list of all counsel of record is attached as Exhibit F.

### III.  JURISDICTION

This Court has original jurisdiction over Plaintiff's action under 28 U.S.C. § 1332(a), which provides that the federal district court has jurisdiction over civil actions when the parties are citizens of different states and the amount of controversy exceeds $75,000. *Donaldson v. Sam's E., Inc.*, No. 21-30189, 2021 WL 4898724, at *2 (5th Cir. 2021) (citing 28 U.S.C. § 1332). As fully shown below, both requirements are fulfilled.

#### A. *Complete Diversity Exists Between the Proper Parties*

Plaintiff is a former employee of Oxy Qatar. *See* Ex. G. Based on Plaintiff's employment records with Oxy Qatar, Plaintiff is domiciled in Australia and is therefore a citizen of Australia. *See id.* at 3; *see also Donaldson*, 2021 WL 4898724, at *2 (stating that for purposes of diversity jurisdiction, "[i]ndividuals are citizens of the state in which they are domiciled" (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996))); *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (noting that "[c]itizenship for an individual is synonymous with the person's domicile"). Oxy Qatar is incorporated in Bermuda with its headquarters in Doha, Qatar. Accordingly, for purposes of diversity jurisdiction, Oxy Qatar is a citizen of Bermuda and

---

[4] Plaintiff does not state which entity or entities he filed the Qatar lawsuit against, likely because he knows doing so belies any argument that Oxy is a proper party to this lawsuit. Plaintiff brought the Qatar lawsuit against Oxy Qatar only. Ex. A.

Qatar. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (finding that a corporation is a citizen of its state of incorporation and state where it has its "principal place of business" which is "the place where the corporation maintains its headquarters"). Therefore, because the proper parties do not share citizenship, the first requirement for removal based on diversity grounds under 28 U.S.C. § 1332(a) is satisfied.

### B. *Oxy's Citizenship Should Be Disregarded*

Oxy is a citizen of Delaware and Texas because it is incorporated in Delaware with its headquarters in Houston, Texas. Oxy's Texas citizenship, however, does not preclude removal because Plaintiff improperly joined Oxy. Under the improper joinder doctrine, the citizenship of a party that has been improperly joined is disregarded for purposes of determining diversity jurisdiction. *See, e.g.*, *Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x 281, 283 (5th Cir. 2019) (affirming denial of motion to remand after determining that non-diverse party was improperly joined in negligence lawsuit); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (disregarding citizenship of non-diverse defendants in negligence lawsuit because non-diverse defendants did not owe plaintiff any duty of care, and therefore plaintiff had no basis of recovery against them); *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (holding in-state defendant's Texas citizenship would not be considered for purposes of diversity jurisdiction because it was improperly joined).

In assessing whether a party is improperly joined, courts examine whether there is a "reasonable basis for the district court to predict that [Plaintiff] might be able to recover against [Oxy]." *Alviar*, 854 F.3d at 289. No such reasonable basis exists here.

First, Plaintiff cannot prevail on his claim that Oxy negligently failed to maintain a safe workplace because he cannot show that Oxy had "***specific control*** over the safety and security of the premises [where he was injured]." *Powell v. Valero Energy Corp.*, No. 13-18-00209-CV, 2019 WL 961958, at *6 (Tex. App.—Corpus Christi-Edinburg Feb. 28, 2019, pet. denied) (noting the standard for negligence in failing to maintain a safe workplace under Texas law) (quoting *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993)). Oxy never employed Plaintiff. Nor did Oxy have any control over the platform from which Plaintiff fell. *See* Ex. G. The fact that Oxy is the parent corporation of Oxy Qatar, Plaintiff's employer, does not change this outcome. *See id.* (upholding summary judgment for parent corporation because plaintiff failed to establish that parent corporation had the right to control the refinery where plaintiff was injured); *Morris v. Scotsman Indus., Inc.*, 106 S.W.3d 751, 754 (Tex. App.—Fort Worth 2003, no pet.) (holding parent corporation owed no duty to former employee of its subsidiary to maintain a safe workplace because parent corporation never had any responsibility or control over subsidiary, including the subsidiary's forklift operations which led to plaintiff's injury); *see also De Bree v. Pac. Drilling Servs., Inc.*, No. CV H-18-4711, 2019 WL 2931574, at *3 (S.D. Tex. June 18, 2019) (disregarding the citizenship of non-diverse entities in the same corporate family as plaintiff's employer, a diverse defendant, because the non-diverse entities did not employ plaintiff and he therefore could not recover against them in negligence lawsuit).

Similarly, Plaintiff cannot establish a claim for fraud against Oxy (nor does he even adequately plead a claim of fraud against either Defendant). Under Texas law, to establish a common-law claim for fraud, Plaintiff must establish that (1) Oxy made a material, false representation; (2) Oxy knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Oxy intended to induce Plaintiff to act upon the

representation; and (4) Plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021). Plaintiff vaguely alleges that "Defendants" told him that they did not have workers' compensation insurance and that he had no remedies for his work-related injuries. Ex. B at ¶ 41. This poor pleading is a blatant attempt to improperly join Oxy and avoid removal to federal court.

As mentioned above, Oxy had no connection to the facts alleged in this lawsuit aside from being the parent company of Plaintiff's employer, Oxy Qatar. Oxy was not involved in Plaintiff's alleged on-the-job injury, his subsequent medical leave and separation, or the lawsuit that he brought in Qatar. It follows that Oxy could not possibly have made the representations that Plaintiff alleges.

Simply put, Oxy has no involvement in the facts alleged in this lawsuit. Courts within the Fifth Circuit regularly disregard the citizenship of a parent corporation for purposes of determining diversity jurisdiction where, as here, the plaintiff improperly joined the parent corporation of his employer in a blatant attempt to prevent removal to federal court. *See, e.g.*, *Keszenheimer v. United Servs. Auto. Ass'n*, 78 F. App'x 333, 334 (5th Cir. 2003) (affirming district court's denial of plaintiff's motion to remand and holding that parent corporation "was fraudulently joined to defeat diversity" in action against its subsidiary "and was properly dismissed"); *Smotherman v. Texaco Expl. & Prod., Inc.*, 161 F. Supp. 2d 733, 739 (E.D. Tex. 2001) (holding plaintiff improperly joined in-state parent corporation in lawsuit alleging the failure to provide a safe work environment arising out of on-the-job injuries in Nigeria because parent had no connection to the activities and claims in the lawsuit); *Kasprzak v. Am. Gen. Life & Acc. Ins*. Co., 914 F. Supp. 144, 147 (E.D. Tex. 1996) (disregarding parent corporation's

citizenship in negligence and fraud lawsuit because plaintiff could only state a claim against subsidiary). These holdings are consistent with the well-established principle that a parent is ordinarily not liable for the alleged acts of its subsidiary. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997).

### C. The Amount In Controversy Is Satisfied On the Face of the Petition

In addition, the amount in controversy, exclusive of interest and costs, exceeds $75,000. Generally, the amount of controversy is determined from the complaint itself. *Hamilton v. Mike Bloomberg 2020, Inc.*, No. 21-10576, 2021 WL 5272218, at *2 (5th Cir. Nov. 11, 2021) ("If a specific amount was demanded [in the state court complaint,] the amount stated in the complaint is dispositive if it is apparently made in good faith." (internal citation omitted)). In his Amended Petition, Plaintiff seeks $2,886,000.00 in damages. *See* Ex. C at ¶ 38. In addition to this monetary request for actual damages, Plaintiff seeks attorneys' fees and punitive damages. *See id*. at ¶ 45. Therefore, it is clear that the amount in controversy requirement is met. *See, e.g., Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018) (finding amount in controversy met when plaintiff sought damages "between $200,000 and $1,000,000" in his state court petition and explaining that "[w]here a state court complaint alleges a damages amount, that number controls for purposes of determining whether the amount in controversy threshold is met when the case is removed to federal court"); *Toney v. State Farm Lloyds,* 661 F. App'x 287, 290 (5th Cir. 2016) (holding amount in controversy requirement was met because plaintiff's demand letter reflected that he sought over $75,000); *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) ("There is no question that punitive or exemplary damages are included in calculating the amount in controversy. Likewise, statutory attorney's fees . . . are included in the calculation of the amount." (citations omitted)).

Because the proper parties are completely diverse and the requisite amount in controversy is satisfied, this Court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a).

## V. TIMELINESS OF REMOVAL

Defendants were served with Plaintiff's Amended Petition on November 2, 2021. *See* Ex. H. Therefore, this Notice is timely filed pursuant to 28 U.S.C. § 1446. Moreover, the United States District Court for the Southern District of Texas, Houston Division embraces the county in which the state court action is now pending. Thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(a)(2) and 1446(a). A true and correct copy of Defendants' Notification of Removal will be filed with the Clerk for the Harris County District Court, 165th Judicial District. A copy of this Notification of Removal is attached as Exhibit I.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Occidental Petroleum Corporation and Occidental Petroleum of Qatar Ltd. pray that the action now pending in the Harris County District Court, 165th Judicial District, Cause No. 2021-64733, as described herein, be removed to the United States District Court for the Southern District of Texas, Houston Division.

December 2, 2021           RESPECTFULLY SUBMITTED,

                                    NORTON ROSE FULBRIGHT US LLP

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
shauna.clark@nortonrosefulbright.com

Kimberly F. Cheeseman
State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

Carolyn Webb
State Bar No. 24106558
carolyn.webb@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure upon all counsel of record via the Court's CM/ECF system on December 2, 2021.

                                          */s/ Kimberly Cheeseman*
                                            Kimberly F. Cheeseman