# EXHIBIT A

Appeal No. 107 – S.A.K. – 2017

State of Qatar
[logo]
Supreme Judiciary Council

**Court of Appeals**
**Doha**
**Civil, Commercial Labor Matters Appellate**
**Circuit for the Year 2018 and Before**

# Judgment

**Issued in the name of His Highness Sheikh Tamim bin Hamad Al Thani, the Emir of the State of Qatar**

**During the public hearing held at the Court's headquarters on 12/31/2020**

| | |
|---|---|
| Under the presidency of Judge / Dr. Omar Al-Mekki Al-Abiad | Circuit President |
| And the membership of Judge / Ahmed Haneen | Circuit Member |
| And the membership of Judge / Nayef Mohammed Al-Kaabi | Circuit Member |
| In the presence of Mr. / Mohammed Abdul Hafez Al-Sheikh | Hearing Clerk |

Appeal No.: 107 – S.A.K. – 2017

Appellant: James Johnston

Appellee: Occidental Petroleum of Qatar Limited

## The Judgment

After hearing the oral arguments, reviewing the documents, and deliberating:

The facts, the litigants' defense and their arguments were set forth in all of the documents and were detailed in the appealed judgment issued during the hearing of 1/26/2017. The Court refers thereto and summarizes them to the extent necessary to support this ruling. Briefly, the facts are that the Appellant initiated the case via a statement of claim, which he filed with the [trial] court's clerk on 4/13/2016, and which was duly served. Therein, he asked that the Defendant be ordered to pay him compensation in the amount of one million riyals for the physical and emotional harm and permanent disability he had suffered as a result of a work injury he sustained on 12/18/2011. He stated that he was working for the Defendant Company as an engineer, and that he fell from a height of three meters while working at one of the job sites, thus sustaining harm.

On 12/11/2014, he was terminated from the Defendant Company, which led him to initiate his claim. During the hearing of 1/26/2017, the trial court rejected the claim and based its ruling on the fact that all of the documents submitted by the Plaintiff were in a foreign language and not accompanied by an official translation.

[signature]                                                                                          [signature]

Appeal No. 107 – S.A.K. – 2017

State of Qatar
[logo]
Supreme Judiciary Council

    The Plaintiff was not satisfied with this ruling, and so he appealed it via an appellate petition filed with the Court's clerk on 2/23/2017, signed by an acceptable attorney, and duly served. Therein, he requested a judgment that accepts the appeal in form and on the merits, repeals the appealed judgment, and rules again to order the Appellee Company to pay him a sum of 200,000 riyals as compensation, due to [the appealed judgment's] misapplication of the law and flawed inference. To his [appellate] petition, he attached a folder of non-translated documents.

    The appeal was examined during the hearings as indicated in their transcripts. The attorney appearing for the Appellee submitted a memorandum of defense wherein he stated that the right to file the case has lapsed due to expiry of the one-year statute of limitations, and wherein he stated, as a precaution, that the case should be rejected. He also submitted a folder of documents containing a translated copy of the work contract, as well as the memorandum terminating the Appellant's service. The attorney appearing for the Appellant submitted a memorandum responding to the Appellee's arguments. To that memorandum, he attached a photocopy of the report issued by the Appellee Company's doctor on 12/18/2011. The report stated that the Appellant, who had fallen from a height of 3 meters onto a sliding surface, had undergone a medical examination the Company's request. The report also stated that he was suffering from severe pain in the head and neck, that a board had been placed to support his spine, that he was wearing a neck brace, and that it was determined that he had a broken nose, pain in the neck, a bruise on the left side of the chest, pain in the hand and left elbow, and other broken bones. The doctor signed the report. Also attached to that memorandum was the letter terminating the Appellant's service on 12/11/2014, as well as a copy of the email issued by the Company in response to the notice that the Appellant had sent it seeking compensation and settlement of the matter. The email indicated that the Company was refusing to engage in any settlement, that he has no evidence to prove that his medical condition, if any, is attributable to the accident that he suffered in December 2011, and thus it has nothing to do with the work. Also attached to that memorandum were some reports from private doctors. In addition, the Appellant submitted a memorandum wherein he asked to be presented to a medical committee for examination.

    During the hearing of 16/2018 [sic], the Court, which was comprised of a different panel of judges, ruled, before adjudicating the form, argument and merits, to have the Appellant presented to a medical committee at the Ministry of Public Health so the Appellant could undergo a medical examination, after showing the medical committee his medical documents, so as to determine whether or not he has partial or total disability, and if so, determine its reason, the date on which it occurred, whether or not it could be the result of the fall he is alleging occurred on 12/18/2011, and whether or not his condition has stabilized if it is established that he was injured due to this accident, as well as determine the date on which his condition stabilized and the percentage of disability if encompassing all of his body.

    The appeal was examined during successive hearings while awaiting receipt of the report. During the hearing of 1/27/2020, the Court, which was comprised of a different panel of judges, decided to question the Appellant in person about whether he had presented himself to the medical committee at the Ministry of Health, and to ask him to submit evidence thereof. It set

[signature]                                                                             [signature]

Appeal No. 107 – S.A.K. – 2017

State of Qatar
[logo]
Supreme Judiciary Council

the hearing of 23/3/2020 to implement that. In light of the decision by the Judicial Authority's Supreme Council to postpone examination of all cases pending before administrative courts due to the Corona pandemic, examination of the appeal was postponed. During the hearing of 12/10/2020, the parties' attorneys appeared. The Appellant's attorney stated that his client was abroad and that he had not previously been presented to the medical committee. The Court decided to issue the judgment during today's hearing.

Since the appeal has fulfilled its legal requirements, it is admissible in form.

On 5/16/2018, the Court issued a preliminary judgment, appointing a medical committee at the Ministry of Health to conduct a medical examination of the Appellant in order to verify that he had suffered the fall he claims he did. The Court awaited receipt of the report, but it was not received as of 1/27/2020. On that date, the Court decided to question the Appellant about presenting himself to the appointed medical committee for examination. However, based upon his attorney's statements during the hearing of 12/10/2020, it was determined that the Appellant has not presented himself to the medical committee. Having said that, the Appellant is the one who asked to be presented to a medical committee for examination, and the Appellant is the one who has failed to present himself to the medical committee. Accordingly, based upon Article (335) of the Code of Procedure, the Court hereby finds that the Appellant's right to invoke the judgment issued appointing the medical committee to examine him has lapsed, and it hereby moves forward with examining the subject matter of the appeal as-is.

With respect to the merits of the appeal, the Court finds that the appealed judgment was well founded for the sound reasons underlying it, which are consistent with the facts and the law, and that the evidence established in the documents is sufficient to uphold it. Accordingly, the Court uses them as a basis for this judgment, particularly since the Appellant's reasons for appealing that judgment are unfounded. Consequently, the Court hereby rules to reject the appeal and uphold the appealed judgment for its reasons.

With respect to the expenses, the Court hereby orders the Appellant to pay them in application of Articles 131 and 177 of the Code of Procedure.

## For these reasons

The Court hereby rules to: Accept the appeal in form, reject it on the merits, uphold the appealed judgment, and order the Appellant to pay the expenses.

This judgment was issued and read aloud during today's hearing of 12/31/2020 in the name of His Highness Sheikh Tamim bin Hamad Al Thani, the Emir of the State of Qatar.

| [signature] | [signature] |
|---|---|
| **Mohammed Abdul Hafez Al-Sheikh** | **Dr. Omar Al-Mekki Al-Abiad** |
| **Hearing Clerk** | **Circuit President** |