Case 4:21-cv-03940   Document 21   Filed on 08/08/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES JOHNSTON, *Plaintiff*, | § § § |
| v. | §  CIVIL ACTION NO. 4:21-CV-3940 |
| OCCIDENTAL PETROLEUM CORPORATION and OXY PETROLEUM QATAR LTD., *Defendants*. | § § § § § § |

## ORDER

Before the Court is the Motion to Dismiss Plaintiff's First Amended Petition filed by Defendants Occidental Petroleum Corporation and Oxy Petroleum Qatar Ltd. (collectively, "Defendants") and filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3). Plaintiff James Johnston ("Plaintiff") has responded in opposition, and Defendants have replied. (Doc. Nos. 10, 12). The Court hereby grants in part and denies without prejudice in part Defendants' motion to dismiss.

### I.

This is a personal injury case that allegedly resulted from an on-the-job fall. The motion to dismiss has been filed under the provisions of Rule 12(b)(6)—a failure to state a claim upon which relief can be granted. The two primary attacks on the First Amended Petition do not directly concern the injury allegations or the allegation that Defendants failed to provide Johnston with a safe workplace. Instead, Defendants claim that Plaintiff's lawsuit is barred by the applicable statute of limitations and by the doctrine of *res judicata*.

While the First Amended Petition (which was filed in state court before the case was removed) does contain certain allegations referencing the timing of this lawsuit and the prior legal

proceedings in Qatar, it does not contain all of the facts relied upon by Defendants in their motion. Their motion contains a more detailed explanation of the prior legal background. Moreover, Plaintiff's First Amended Petition and his response in opposition to the motion to dismiss pleaded fraud and various equitable theories that he claims prevent the application of *res judicata* and the statute of limitations.

A defendant (or in the appropriate circumstances, a plaintiff) may file a motion to dismiss a complaint (or counterclaim) under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Nevertheless, the court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise

to an entitlement to relief. *Id.* The court may also consider documents that a defendant attaches to a motion to dismiss, if the documents are "referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000); *see also Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (Lynn, J.).

Given the nature of the claims of *res judicata* and the limited scope of review that the Court can exercise when considering a motion to dismiss, the Court finds that these issues will be best handled through a motion for summary judgment. Therefore, the motion to dismiss is denied without prejudice to the extent it contends this case is barred by *res judicata* and the statute of limitations. The Court will consider these affirmative defenses when Defendants file an answer raising them and if Defendants file a motion pursuant to Rule 56. The Court shall also consider the issue of improper joinder of Occidental Petroleum Corporation at the same time.

## II.

That being said, the Court grants the motion to dismiss as to the adequacy of the pleadings of fraud. Plaintiff's pleadings do not meet the standards set out in Rule 9(b) of the Federal Rules of Civil Procedure. When a plaintiff pleads fraud, he "'must state with particularity the circumstances' of the allegedly fraudulent conduct. . . . [P]laintiffs alleging fraud must additionally describe, in short, 'the who, what, when, and where' supporting their fraud allegations." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)).

Moreover, a fraud pleading must not "lump" defendants together. The allegations must be defendant-specific.

> Consistent with our rejection of the "group pleading" doctrine, we do not construe allegations contained in the Complaint against the "defendants" as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is

3

specifically pleaded. While the plaintiffs aver in paragraph 21 of the Complaint that the individual defendants "each controlled the contents of and participated in writing INSpire's SEC filings, reports and releases," this conclusory allegation fails to specify which of these documents is attributable to each individual defendant, let alone which portions or statements within these documents are assignable to each individual defendant.

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).

Plaintiff, subject to the schedule set out below, is hereby given leave to file a new complaint that complies with the federal pleading standards. This leave to file includes leave to file fraud pleadings that comply with Rule(9)(b).

### III.

The Court, therefore, enters the following schedule that preempts all previously set deadlines. It also negates the need for the initial docket control conference currently scheduled for video conference on August 10, 2022. That hearing is cancelled. The following schedule is hereby ordered:

1) Plaintiff shall file an amended complaint by **September 2, 2022**.

2) Defendants shall file an amended answer as per the Federal Rules of Civil Procedure and may file their Motion for Summary Judgment on the topics set out above at **any time between September 9, 2022, and October 7, 2022**.

3) Plaintiff shall respond to any motion **within 22 days** of receipt.

4) Defendants may file a reply if they do so **within ten (10) days** of receipt of Plaintiff's response.

During the intervening time period, the parties are permitted to conduct discovery limited to the topics set out above if they so choose.

SIGNED at Houston, Texas this 8th day of August, 2022.

Andrew S. Hanen
United States District Judge