Case 4:21-cv-03940   Document 58   Filed on 01/03/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES JOHNSTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-03940 |
| | § | |
| OCCIDENTAL PETROLEUM COMPANY, | § | |
| OXY PETROLEUM QATAR, LTD, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is a Motion for Summary Judgment filed by Defendants Occidental Petroleum Co. ("Oxy") and Occidental Petroleum Qatar, Ltd. ("Oxy Qatar") (collectively, "Defendants"). (Doc. No. 41). Plaintiff James Johnston ("Plaintiff") filed a Response Opposing Summary Judgment, (Doc. No. 48), and Oxy replied. (Doc. No. 51). Considering all the above, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment. (Doc. No. 41).

### I. Background

This suit claiming negligence and fraud stems from an alleged on-the-job fall occurring in Qatar in 2011. (Doc. No. 48 at 6). Plaintiff was working for Oxy Qatar near Doha, Qatar, when he allegedly fell approximately 10 feet from a platform and suffered severe spine and neck injuries. (*Id.*). Plaintiff continued to work for Oxy Qatar while recovering from his injuries until he was no longer able to travel to and from Australia (where he lived) allegedly due to the injury. (*Id.* at 8–9). Frustrated with the way Oxy Qatar was handling his injury, Plaintiff left Oxy Qatar and attempted to hire a law firm in 2014. (*Id.* at 10). Plaintiff acknowledges that he was unable to hire a law firm because Qatari law gives immunity to oil and gas companies and, though he admits that Oxy Qatar informed of that law, he "could not believe it." (*Id.* at 10). Finally, in 2015, Plaintiff

secured legal representation from a Lebanese law firm who agreed to file the lawsuit for him, despite again informing him of the legal protection Qatar afforded to oil and gas companies. (*Id.*). Plaintiff was unsuccessful in the Qatari lower court, the judgment of which was affirmed by the Supreme Judiciary Council Court of Appeals. (Doc. 41-2).

In 2021, Plaintiff filed this suit in a Texas state district court against Oxy Qatar for negligence and fraud, as he had in the Qatari courts six years prior. In the Texas suit, however, he added Oxy for the first time, alleging that the two entities were both his employers and shared joint liability. (Doc. No. 1-1). After removal to this Court based on diversity jurisdiction, Defendants moved to dismiss Plaintiff's suit based on the statute of limitations, res judicata, improper joinder, and a failure to specifically plead the fraud claim. (Doc. No. 3). This Court held that the statute of limitations and res judicata issues were better suited to be raised by a summary judgment motion, but dismissed the fraud claim as being improperly pleaded. (Doc. No. 21). After an amended complaint, a joint request for a temporary stay, and various extensions after the stay was lifted, Defendants have now moved for summary judgment on their statute of limitations and res judicata contentions and on the grounds that Oxy was not Plaintiff's employer. (Doc. No. 41).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant

then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

Defendants seek summary judgment on Plaintiff's claims on several grounds. First, Defendants argue that Oxy is an improper party since Plaintiff was never an employee of Oxy, and that Oxy Qatar is a legally distinct entity. Second, that all of Plaintiff's claims, even if supported by evidence, are barred by the statute of limitations. Third, Defendants contend that all of Plaintiff's claims are likewise barred by res judicata due to the Qatari courts' final judgment on identical claims with the identical party. The Court first finds that Oxy is an improperly joined party. Second, the Court also finds that Plaintiff's claims are barred by the statute of limitations and therefore **GRANTS** summary judgment.

#### A. Oxy's Status as a Defendant

Oxy argues that because it is a legally distinct entity from Oxy Qatar and was never the employer of Plaintiff. Thus, it has no legal obligations to Plaintiff. To support this, Oxy attaches Plaintiff's employment contract with Oxy Qatar which states that Plaintiff's employer is Oxy Qatar, Ltd., and that the employment is governed by Qatari law. Plaintiff's brief in response fails

to address Oxy's argument in any way and, thus, is deemed to have waived any argument that Oxy is a proper defendant. *See, e.g.*, S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."); *see also Criner v. Texas-New Mexico Power Co.*, 470 F. App'x 364, 368 (5th Cir. 2012). He also attaches no evidence to raise a material fact issue. As such, the Court **GRANTS** Oxy's Motion for Summary Judgment.

### B. Oxy Qatar's Statute of Limitations Defense

Importantly, Plaintiff acknowledges that the two-year limitation for his workplace injury claim, and the four-year limitation for his fraud claim, have all passed. (Doc. No. 48 at 16). Nevertheless, Plaintiff argues that these deadlines should be tolled based on the discovery rule and equitable estoppel. (*Id.*).

#### a. The Discovery Rule

The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Trinity River Auth. v. URS Consultants*, 889 S.W.2d 259, 262 (Tex.1994). For the discovery rule to apply, the injury "must be inherently undiscoverable" and "objectively verifiable." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The discovery rule, in application, is a very limited exception to statutes of limitations. *Computer Associates Intern., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

Plaintiff does not argue that this exception applies to his workplace injury claim. Rather, he provides a single conclusory statement that defendants' "scheme" rendered this rule applicable. Plaintiff entirely fails to support this statement with facts or arguments and fails to explain what injury it was that was undiscovered at the time he left his employment with Oxy Qatar in 2014. Plaintiff's affidavit *could* be understood to say that Oxy Qatar misled him by failing to tell him

4

what legal claims he had and the proper jurisdiction to litigate them. (Doc. No. 48-1 at 5). Plaintiff's own response, and a subsequent statement in his own affidavit, however, states that Oxy Qatar informed him of the company's legal protections under Qatari law before he left the company and filed his first lawsuit. Thus, based on Plaintiff's own sworn statements, he discovered the allegedly misleading statements that serve as the basis for his fraud claim in 2015 at the latest. Thus, even if the discovery rule did apply, Plaintiff's fraud claims would be barred by 2019.[1]

### b. Equitable Estoppel and Detrimental Reliance

Next, Plaintiff alleges that Oxy Qatar gave Plaintiff "the run around" regarding whether Qatar was the proper jurisdiction to pursue his claims and mislead him as to whether Qatari law provided him a remedy on his claims. (Doc. No. 48 at 18). Plaintiff argues that these statements induced him not to file his lawsuit before the statute of limitations ran. (Doc. No. 48-1 at 5).

The doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998).

Plaintiff's equitable estoppel argument fails for several reasons. First, Plaintiff provided no evidence of any false representation or concealment of material facts. Plaintiff's affidavit states in a conclusory fashion that "Johnston would have sought US legal representation much sooner," had Oxy Qatar "provided Johnston with accurate information about his work-related injuries sustained

---

[1] The Court previously dismissed Plaintiff's fraud claims without prejudice for failure to plead with adequate specificity. (Doc. No. 21). While the Court gave Plaintiff leave to amend, Defendants argue that Plaintiff re-pleaded identical claims that should therefore be dismissed again. Since any adequately pleaded fraud claims would still be barred by the statute of limitations, the Court need not analyze the sufficiency of Plaintiff's amended pleadings.

5

in Qatar." (Doc. No. 48-1 at 5). The misleading statements that Plaintiff seems to be referring to are whether Qatari law applied and whether Qatari courts were the proper venue for his suit.

As stated above, Plaintiff's own sworn statements undercut his own arguments. Plaintiff's affidavit and response brief plainly state that Oxy Qatar informed Plaintiff that it was exempt from labor laws in Qatar *before* Plaintiff left employment in 2014. (Doc. No. 48 at 10). Even if Oxy Qatar had not informed him, Plaintiff stated that he was informed by several lawyers of the legal rights he had under Qatari law by mid-2015 at the very latest. As such, Plaintiff's own brief and sworn statements confirm that—even if the doctrine of equitable estoppel did apply—the statute of limitations would have time-barred his claims by the end of 2017. As such, the Court finds that the doctrine of equitable estoppel, if applied, still fails to give Plaintiff the relief he seeks. Thus, the Court finds that Plaintiffs claims are barred by the Texas statute of limitations, that no equitable exception applies, and that Oxy Qatar is entitled to summary judgment as a matter of law.[2]

## C. Res Judicata

Finally, Defendants argue that any claim for negligence that Plaintiff may have is barred by res judicata. Under Texas law, res judicata prevents the re-litigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated. *Barr v. Resolution Trust Corp. ex rel Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). The essential elements are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised in the first action. *Sommers v. Concepcion*, 20 S.W.3d 27, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Further, this applies even when the judgment is from an international court. *Sw. Livestock & Trucking Co. v. Ramon*, 234 F.3d 29, 30

---

[2] Since the Court grants Defendants summary judgment on the statute of limitations grounds, the Court will not address the res judicata issue or whether Plaintiff had properly re-pleaded his fraud claim.

(5th Cir. 2000). Here, the only disputed issue seems to be whether the Supreme Judiciary Council Court of Appeals' final order was procedural or substantive.

Plaintiff's allegation that the Qatari court's ruling was procedural directly contradicts the language of the court itself. The court's judgment concluded with the following:

> With respect to the merits of the appeal, the Court finds that the appealed judgment was well founded for the sound reasons underlying it, which are consistent with the facts and the law, and that the evidence established in the documents I sufficient to uphold it. Accordingly, the Court uses them as a basis for this judgment, particularly since the Appellant's reasons for appealing the judgment are unfounded. Consequently, the Court hereby rules to reject the appeal and uphold the appealed judgment for its reasons.

(Doc. No. 3-1 at 4). This is plainly an affirmance of a substantive ruling for the defendant, and the Court finds it to be sufficient for the application of res judicata. As such, the Court **GRANTS** the motion for summary judgment on the grounds of res judicata as well.

### D. Conclusion

For the foregoing reasons, the Court **GRANTS** Occidental Petroleum Qatar's Motion for Summary Judgment. (Doc. No. 41).

Signed this 3rd day of January, 2025.

Andrew S. Hanen
United States District Judge